UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60962-GAYLES/AUGUSTIN-BIRCH

THIN DONOVAN,

    Plaintiff,

v.

FAY SERVICING, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

The Honorable Darin P. Gayles, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a report and recommendation on dispositive issues. DE 30 at 2. The case now comes before the Court on Defendants Fay Servicing, LLC and Wilmington Savings Fund Society, FSB as Trustee of CIM Trust 2023-R3's Motion to Dismiss. DE 26. Plaintiff Thin Donovan filed a Response to the Motion to Dismiss, and Defendants did not file a Reply. DE 33. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Plaintiff's Allegations**

Plaintiff's Complaint raises one count of violation of "some part of the [Fair Debt Collection Practices Act ("FDCPA")] including but not limited to . . . 15 U.S.C. §1692(e) [and] 15 U.S.C. §1692(f)"[1] and one count of violation of the Florida Consumer Collection Practices Act

---

[1] 15 U.S.C. § 1692(e) declares Congress' purpose behind the FDCPA, and 15 U.S.C. § 1692(f) does not exist. The Court construes Plaintiff's statutory citations to instead refer to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, which relate to false or misleading representations and unfair practices in debt collection. If Plaintiff amends the Complaint, she

("FCCPA"), Fla. Stat. § 559.72(9).[2] DE 1-1 at 4 ¶ 2, 7 ¶ 23. Plaintiff's legal claims stem from two insurance claims she filed relating to problems at her residence. With respect to the first insurance claim, she alleges that, in July 2021, she "discovered a slow leak in her bathroom, called a public adjuster and filed a claim to her insurance company from damaged plumbing pipes in the bathroom." *Id.* at 5 ¶ 5. "[T]he insurance company issued a check to Plaintiff and Fay in the amount of $19,797.37 for damages in the bathroom." *Id.* at 5 ¶ 8. On January 25, 2022, "the indorsed check was sent overnight to the Loss Draft Dept. of Fay, along with contractor information." *Id.* at 5 ¶ 9.

With respect to the second insurance claim, Plaintiff alleges that "an air conditioning claim was filed with the insurance company" on February 14, 2022. *Id.* at 5 ¶ 10. On November 29, 2023, "a check was issued in the amount of $13,973.50 for damages from the air conditioning and kept by Defendants without any legal or ethical basis." *Id.* at 5 ¶ 12. And in January 2024, "Plaintiff received a check from Fay dated 12/26/23 in the amount of $3,418.38 without any explanation as to what it was for or how it was calculated." *Id.* at 5 ¶ 13.

Plaintiff alleges that her property insurer "cancelled the policy effective January 1st, 2023 based on Defendants' failure to provide insurance monies to Plaintiff to repair the home." *Id.* at 5 ¶ 11. That same day, "Fay forced placed insurance . . . despite having no contract upon which Plaintiff must maintain such insurance or which authorized Defendant to force place insurance on her property." *Id.* at 6 ¶ 15. "The forced place insurance was much more expensive than her own procured insurance." *Id.* Plaintiff maintains that "[t]here is no reason . . . why Fay did not send

---

should cite all of the provisions of the FDCPA under which she is proceeding, rather than vaguely pleading that she is proceeding under "some part of the FDCPA."

[2] Plaintiff also cites Fla. Stat. § 559.77 and Fla. Stat. § 559.552 of the FCCPA, however those statutes simply provide the civil remedies available for an FCCPA violation and explain the FCCPA's relationship to the FDCPA.

the repair money to Plaintiff except to keep her from maintaining the property in an attempt to force place insurance after the repairs were kept from being made, which ultimately did happen." *Id.* at 6 ¶ 14.  Plaintiff contends that Defendants made multiple false, deceptive, and/or misleading representations that violate the FDCPA and the FCCPA, including that they "had the right to allow Plaintiff's [home] to remain unrepaired through the retention of insurance monies needed to repair the home" which "allow[ed] the insurance of Plaintiff's home to expire and not be renewed," "had the right to demand Plaintiff[] insure the property," and "had the right to forcibly place insurance on the property" and "demand Plaintiff pay the servicer for the forced placed insurance." *Id.* at 7–10 ¶¶ 24, 32.

## II. Legal Standards

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A court ruling on a Rule 12(b)(6) motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff.  *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017).  A court should grant a motion to dismiss only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement.  *Id.*

A court ruling on a motion to dismiss generally should not consider anything beyond the face of the complaint and the documents attached to it.  *Edwards v. Dothan City Schs.*, 82 F.4th

3

1306, 1311 (11th Cir. 2023). If the court considers matters outside of the pleadings, the court should treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, the court may consider outside documents that are attached to the motion to dismiss without treating the motion as one for summary judgment "when: (1) the plaintiff mentions the document(s) at issue in the complaint; (2) the document is central to the claim; and (3) the contents are not in dispute, *i.e.*, the document's authenticity is unquestioned." *Edwards*, 82 F.4th at 1311; *see also Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." (quotation marks omitted)). A document is central to a plaintiff's claim if she would need to offer a copy of the document to prove her case. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284–85 (11th Cir. 2007).

### III. Analysis

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" or "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* § 1692a(5). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Under the FCCPA, in collecting consumer debts, no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The FCCPA is the "Florida state analogue to the federal FDCPA." *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010). "The statutes are largely identical and the FCCPA is construed in accordance with the FDCPA." *Lear v. Select Portfolio Servicing, Inc.*, 309 F. Supp. 3d 1237, 1239 (S.D. Fla. 2018) (quotation marks omitted).

Defendants contend in the Motion to Dismiss that Plaintiff fails to adequately describe in the Complaint the communications that allegedly violate the FDCPA and the FCCPA. DE 26 at 5–6. On ruling on motions to dismiss in cases raising claims under the FDCPA and the FCCPA, courts have dismissed complaints and allowed repleading for the plaintiffs to specifically identify the communications at issue and explain how the communications violate the FDCPA and the FCCPA. *E.g., Zavala v. Select Portfolio Servicing, Inc.*, No. 18-cv-61651, 2018 WL 6198685, at *3 (S.D. Fla. Nov. 28, 2018) ("The Court grants Plaintiffs leave to amend their Complaint to specifically identify these other communications, to the extent that the communications are not mortgage statements substantially similar to those discussed in this Opinion. Plaintiff must set forth, with specificity, how these other communications constitute violations of the FDCPA . . . and the FCCPA . . . ."), *disagreed with on other grounds by Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1270–71 (11th Cir. 2022); *Mills v. Select Portfolio Servicing, Inc.*, No. 18-cv-61012, 2018 WL 5113001, at *3 (S.D. Fla. Oct. 19, 2018) ("However, Plaintiff provides no further information concerning what these letters are, what they sought, how they were debt collection letters, or the false representations contained therein. Accordingly, the Court grants the Motion to Dismiss, permitting Plaintiff leave to amend his Complaint to specifically identify these other

5

communications and explain, with specificity, how these other communications constitute violations of the FDCPA . . . and the FCCPA . . . ."); *Jones v. Select Portfolio Servicing, Inc.*, No. 1:18-cv-20389, 2018 WL 2316636, at *5 (S.D. Fla. May 2, 2018) ("Accordingly, the Court will grant Plaintiff leave to amend the complaint to specifically identify these other communications and explain, with specificity, how these other communications constitute violations of the FCCPA . . . and the FDCPA . . . ."), *disagreed with on other grounds by Daniels*, 34 F.4th at 1270–71; *Rivas v. Levine L. Grp.*, No. 15-21351-Civ, 2015 WL 5097119, at *3 (S.D. Fla. Aug. 31, 2015) ("Plaintiff has not referenced or attached any specific communications he received from Defendants to demonstrate that they improperly attempted to collect a debt. Plaintiff references exhibits in his Complaint, but has failed to actually attach any exhibits or documents in support of his allegations."); *Nordwall v. PNC Mortg.*, No. 2:14-cv-747, 2015 WL 4095350, at *9 (M.D. Fla. July 7, 2015) (explaining that "Plaintiff needs to more clearly state . . . which specific communications she alleges violate the statute in order to sustain her claims" and that "[t]he substance of the communication is imperative to sustain a cause of action under the FDCPA").

As in the cases cited above, here the Complaint does not identify any specific communications from either Defendant, much less provide the substance of each communication and explain how each communication violates the FDCPA and the FCCPA. The Court therefore recommends that the Motion to Dismiss be granted and that the Complaint be dismissed without prejudice, giving Plaintiff an opportunity to plead sufficient facts to show a plausible violation of the FDCPA and the FCCPA.

Defendants go further in the Motion to Dismiss and argue that, even though the Complaint does not identify any allegedly unlawful communication, the types of communications Plaintiff likely is suing for cannot be violations of the FDCPA or the FCCPA because they do not contain

falsities. DE 26 at 6–8. As examples, Defendants assert that, to the extent Plaintiff is suing for communications where Defendants indicated they have the right to demand that she insure her residence and have the right to forcibly place insurance on the residence at her expense, those communications are not false. *Id.* at 7–8. Defendants maintain that a loan agreement establishes that the communications are not false because Defendants actually have such rights. *Id.* Defendants attach a loan agreement to the Motion to Dismiss. DE 26-1.

But Defendants have not demonstrated that it is appropriate for the Court to consider the loan agreement in evaluating the Motion to Dismiss. *See Edwards*, 82 F.4th at 1311 (explaining that a court ruling on a motion to dismiss may consider a document outside of the complaint and attached to the motion to dismiss "when: (1) the plaintiff mentions the document(s) at issue in the complaint; (2) the document is central to the claim; and (3) the contents are not in dispute, *i.e.*, the document's authenticity is unquestioned"). First, Plaintiff does not attach the loan agreement to the Complaint or mention it in the Complaint. Second, Defendants do not explain why the loan agreement is central to Plaintiff's claims in that she will need to offer a copy of the loan agreement to prove her claims. It is not apparent that Plaintiff is suing for any representation in the loan agreement, and thus the Court is not convinced that she will need to admit a copy of the loan agreement to prove the elements of her claims. *See Fin. Sec. Assurance*, 500 F.3d at 1284–85 (explaining that a document is central to a plaintiff's claim if she would need to offer a copy of the document to prove her case). It being inappropriate to consider the loan agreement in ruling on this Motion to Dismiss, the Court cannot reach the issue of whether any purported statements by Defendants are false.

### IV.     Recommendation

For the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss [DE 26] be **GRANTED**. The Court recommends that Plaintiff's Complaint [DE 1-1] be **DISMISSED WITHOUT PREJUDICE** to repleading.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 22nd day of August, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE