UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-60962-GAYLES/AUGUSTIN-BIRCH

THIN DONOVAN,

       Plaintiff,

v.

FAY SERVICING LLC, et al.,

       Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Amended Complaint (the "Motion"). [ECF No. 42]. The action was referred to Magistrate Judge Panayotta Augustin-Birch, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 30]. On December 20, 2024, Judge Augustin-Birch issued her report recommending that the Motion be granted and the Amended Complaint be dismissed with prejudice (the "Report"). [ECF No. 48]. Plaintiff has timely objected to the Report arguing that (1) she adequately alleged her conversion and negligence claims and (2) if the Court disagrees, she should be permitted leave to amend. [ECF No. 49]

      A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has reviewed the Report, considered Plaintiff's objections, and conducted a *de novo* review of the record. The Court agrees with Judge Augustin-Birch's finding that Plaintiff failed to adequately allege her claims[1] and her recommendation that the Motion be granted.[2] However, the Court does not adopt the Report's recommendation that the dismissal be with prejudice. Plaintiff shall have one final opportunity to adequately plead her claims.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Augustin Birch's Report and Recommendation, [ECF No. 48], is **ADOPTED in PART**;

(2) Defendants' Motion to Dismiss Amended Complaint, [ECF No. 42], is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED without prejudice**. Plaintiff may file an Amended Complaint on or before February 4, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Amended Complaint alleges claims for conversion (Count I), negligence (Count II), and violations of the Florida Consumer Collection Practices Act ("FCCPA") (Count III). After Defendants moved to dismiss, Plaintiff voluntarily dismissed the FCCPA claim. [ECF No. 44]. However, Judge Augustin-Birch still addressed the FCCPA claim because "Rule 41(a) speaks of dismissal of an action in its entirety and 'does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.'" [ECF No. 48] (quoting *Rossell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023)). Judge Augustin-Birch recommends dismissal of Plaintiff's FCCPA claim.

[2] In her Response to the Motion and her Objections, Plaintiff argues that Defendants have a policy of directly sending insurance proceeds under $40,000 to the borrower and that, therefore, Defendants improperly retained the $19,797.37 in insurance proceeds. [ECF No. 43, 49]. However, as Judge Augustin-Birch explains in the Report, Plaintiff failed to allege the existence of Defendants' purported policy in the Amended Complaint and cannot introduce new allegations through a response to a motion to dismiss. In addition, it is less than clear whether including this allegation would salvage Plaintiff's claims.